UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CYNTHIA ELLIS, ET AL.                       CIVIL ACTION

VERSUS                                      NO: 13-4582

WILLIAM C. FYRE, ET AL.                     SECTION: R

**ORDER AND REASONS**

Before the Court are plaintiffs' motions to remand[1] and for limited discovery on the issue of remand.[2] For the following reasons, the Court DENIES plaintiffs' motions.

**I.   BACKGROUND**

Plaintiffs were passengers in an automobile driven by defendant Britney Ellis and insured by USAgencies Casualty, Ins. Co ("USAgencies"). The vehicle was allegedly struck by a truck driven by William Fyre, owned by Allied National Mattress, Inc. ("Allied"), and insured by Hallmark County Mutual Ins. Co. ("Hallmark"). Plaintiffs allege that they suffered personal injuries and damages as a result of the accident.

Plaintiffs are Louisiana domiciliaries, as are defendant Britney Ellis and her liability insurer, USAgencies. Defendant

---

[1] R. Doc. 5.

[2] R. Doc. 8.

Allied is a Texas corporation with its principal place of business in Texas. Hallmark is an Oklahoma corporation with its principal place of business in Texas. Defendant William Fyre is a citizen of Texas.

Plaintiffs filed a petition for damages in a Louisiana court.[3] Defendant Allied invoked this Court's diversity jurisdiction and removed to federal court. Plaintiffs amended their complaint in this Court.[4] They now move to remand the case based on a lack of complete diversity. Defendant argues that complete diversity exists because the Louisiana defendants, Britney Ellis and USAgencies, are fraudulently joined.

## II.   REMAND BASED ON LACKING DIVERSITY JURISDICTION

### A.   IMPROPER JOINDER STANDARD

Plaintiff's remand motion is governed by the standard for improper joinder, as set forth below.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by

---

[3] R. Doc. 1-1.

[4] R. Doc. 4.

the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 U.S. Dist. LEXIS 10227 (E.D. La. 1995). Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed at of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA*, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, the parties do not dispute that the amount-in-controversy requirement is met, but they disagree about whether the complete diversity requirement is satisfied. Indeed, plaintiffs, Cynthia Ellis and Vicki Rankins, and defendants, Britney Ellis and USAgencies, have Louisiana citizenship, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant *may* remove by showing that the nondiverse party was joined

improperly. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

The burden of demonstrating improper joinder is a heavy one, as the doctrine is a narrow exception to the rule of complete diversity. *Smallwood*, 352 F.3d at 574. A defendant may establish improper joinder by showing either (1) actual fraud in pleading jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.

In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may "'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menedez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood*, 385 F.3d at 573).

The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type

evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Smallwood*, 352 F.3d at 223 n.8 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). *See also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. So, too, must the Court resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

**III. DISCUSSION**

In their original petition, plaintiffs do not make any allegations of negligence against Britney Ellis and her liability carrier, USAgencies.[5] Plaintiffs filed an amended complaint in this court which alleges that Fyre's negligence was the sole and proximate cause of the accident but "should it be determined that Britney Ellis is at fault, then Petitioners aver that she is liable to Petitioners for a share of their damages in proportion to the percentage of fault attributed to Ms. Ellis." However, the plaintiffs' post-removal amendment cannot defeat jurisdiction of a case that was properly removed. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Without such a rule, disposition of the issue would never be final." *Id.*

---

[5] R. Doc. 1-1.

In their motion to remand, plaintiffs point to a possibility that defendant Britney Ellis will bear a "potential degree of fault" for the accident.[6] But plaintiffs do not offer any legal theory of recovery. Because plaintiffs fail to allege any facts to support the contention that Britney Ellis is liable to them, it is clear that Britney Ellis and her liability carrier USAgencies were fraudulently joined in this litigation. As such, plaintiffs motion to remand must be denied.

Plaintiffs provide no indication that jurisdictional discovery would reveal facts relevant to their motion to remand. Therefore, the motion for limited discovery must likewise be denied.

**IV. CONCLUSION**

For the foregoing reasons, plaintiffs' motions to remand and for limited discovery are denied, and Defendants Britney Ellis and USAgencies are dismissed from this case with prejudice as fraudulently joined.

New Orleans, Louisiana, this __23rd__ day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. 5.